IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

GILBERT T. PRUITT, an Incompetent
and BARRY GARRETT, as Son and
Next Friend,

    PLAINTIFFS,

v.                                                             06-2867 B

C.D. "BUDDY" LEWIS, Individually
and in his official capacity as Sheriff of
Tipton County, Tennessee; J.T. "PONCHO"
CHUMLEY, in his official capacity as
Sheriff of Tipton County, Tennessee;
TIPTON COUNTY, TENNESSEE, a
subdivision of the State of Tennessee;
TIPTON COUNTY SHERIFF DEPARTMENT
and UNKNOWN DEPUTY JAILERS of the
Sheriff Department of Tipton County,
Tennessee,

    DEFENDANTS.

___

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
___

The Plaintiff, Gilbert T. Pruitt, through his son and next friend Barry Garrett, brought the instant action against the Defendants pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12101, claiming violations of the Eighth and Fourteenth Amendments of the United States Constitution as well as state law violations. Before the Court is the Defendants' January 16, 2007 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Plaintiff has responded, the Defendants have replied, and this motion is now appropriate for disposition. For the reasons set forth below, the motion to dismiss

is DENIED.

BACKGROUND

The Plaintiff has alleged the following in his complaint.  On August 2, 2005, Pruitt pled guilty to a charge of driving under the influence ("DUI") and was sentenced to serve 180 days in the Tipton County, Tennessee jail.  (Compl. ¶¶ 15, 17).  The Plaintiff began serving his sentence on August 30, 2005.  (Compl. ¶ 19).  Pruitt's physical and mental health began to worsen as a result of the jail staff not providing him his "regular medications."  (Compl. ¶ 20).  On October 21, 2005, Pruitt was transferred to the Tennessee Western Mental Health Institute ("WMHI") "for involuntary emergency diagnosis evaluation and treatment" pursuant to a state court order.  (Compl. ¶ 21).  The state judge ordered Pruitt's commitment to WMHI "based on certificates of two (2) health professionals who determined that [Pruitt] suffered from a mental illness or serious emotional disturbance, and that due to this mental illness, . . . Pruitt posed a substantial likelihood of serious harm to himself or to others."  (Compl. ¶ 22).

According to the complaint, on December 21, 2005, Garrett, a resident of Memphis, Tennessee, received a telephone call from a deputy of the Tipton County Sheriff's Department advising him that Pruitt was to be released from the jail within minutes based upon an ex parte order issued that same day by the Circuit Court of Tipton County.  (Compl. ¶¶ 25-26).  Garrett requested that the Sheriff's Department keep Pruitt there until he could travel from Memphis to secure his father.  Notwithstanding his request, the Defendants released Pruitt who apparently walked off from the jail not to be heard from again.  Despite arriving at the jail on December 21, Garrett determined his father was not there and he and other relatives searched the area for Pruitt.  A missing persons report was filed the next day when efforts to locate Pruitt were unsuccessful.  (Compl. ¶¶ 29-30).

ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a lawsuit where the court lacks jurisdiction over the subject matter. In the first instance, Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." See U.S. Const. art. III, § 2. The "case and controversy" requirement gives rise to the concept of standing. See Goleta Nat'l Bank v. O'Donnell, 239 F. Supp. 2d 745, 750 (S.D. Ohio 2002). "Article III standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be redressed by the requested relief." Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 279 (6th Cir. 1997) (citing Allen v. Wright, 468 U.S. 737, 750, 104 S. Ct. 3315, 3324 (1984)).

"Next friend" standing "has long been an accepted [alternative] basis for" fulfilling the Article III standing requirement. Whitmore v. Arkansas, 495 U.S. 149, 162, 110 S. Ct. 1717, 1726 (1990); Franklin v. Francis, 144 F.3d 429, 432 (6th Cir. 1998). In order for a "next friend" to obtain standing, he

> must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Whitmore, 495 U.S. at 163-64, 110 S. Ct. at 1727 (citations omitted). The burden is on the "next friend" to establish standing. Id. at 164, 110 S. Ct. at 1727.

In their motion to dismiss, the Defendants contend that Garrett has failed to meet his burden

3

of establishing next friend standing. They claim that Garrett has not shown that Pruitt is inaccessible to a court of law; rather, he has only shown that Pruitt is inaccessible to him. Garrett contends that he has met his burden and relies upon two documents he submitted in his response to the motion to dismiss: a Tipton County Circuit Court order ("order") and a letter from the Western Mental Health Institute ("WMHI" letter").

Relevant to this motion, the WMHI letter notified Garrett that his father had

> been admitted to Western Mental Health Institute, WMHI, for involuntary emergency diagnosis, evaluation, and treatment on Order of the Honorable Charles M. Cary, Judge, Hardeman County General Sessions Court. The Court based its findings upon the certificates of need filed by two certifying professionals who performed physical and mental examinations of the Patient resulting in a determination that the Patient met emergency involuntary admission criteria.[1]

(Pls.' Resp. to Defs.' Mot. to Dismiss, Ex. 1 at 1).

After being evaluated by WMHI, the Tipton County Circuit Court entered the following order on December 21, 2005:

> Upon motion and proof shown, the defendant [Pruitt] is released to alternate sentencing due to multiple health problems. He is to be monitored at home for the remainder of his service.

(Id., Ex. 1 at 2).

The Court finds that Garrett has met his burden of establishing "next friend" standing. In this regard, the Court notes that Pruitt's involuntary comittment to WMHI combined with his missing status operate so as to meet the "mental incompetence or other disability" or inaccessibility

---

[1] Obviously, the Defendants relied upon the state court order as well as the conclusions of the professionals who found Pruitt suffered from physical and mental problems in transferring or releasing him to the care of WMHI.

requirements for Article III standing.[2]  Whitmore, 495 U.S. at 163-64, 110 S. Ct. at 1727; see also Hopper v. Carter, 572 F.2d 87 (2d Cir. 1978) (recognizing "next friend" status of relatives of missing servicemen in order to challenge military's determination of death); Harvis v. Bd. of Trs. of Univ. of Ill., 744 F. Supp. 825 (N.D. Ill. 1990) (recognizing "next friend" status of father bringing suit on behalf of son who was "missing and presumed dead" against defendant university but dismissing suit on Eleventh Amendment grounds).  Therefore, the Defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED** this 21st day of June, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] It seems rather incongruous for the Defendants to contend Plaintiff has failed to show that Pruitt has no accessibility to a court when according to the complaint, the Defendants immediately released Pruitt from their jail after receiving an order from the state court acknowledging he had "multiple health problems" which might very well have included a mental impairment.  As well, again according to the Plaintiffs' allegations, the Defendants released Pruitt notwithstanding his son's plea to keep his father at the jail until he could drive there from Memphis.  At least in part, the present "inaccessibility" of Pruitt falls squarely in the lap of the Defendants.