IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GILBERT T. PRUITT, an Incompetent
and BARRY GARRETT, as Son and
Next Friend,

    PLAINTIFFS,

v.                                                             06-2867

C.D. "BUDDY" LEWIS, individually
and in his official capacity as Sheriff of
Tipton County, Tennessee; J.T. "PONCHO"
CHUMLEY, in his official capacity as
Sheriff of Tipton County, Tennessee;
TIPTON COUNTY, TENNESSEE, a
subdivision of the State of Tennessee;
TIPTON COUNTY SHERIFF'S DEPARTMENT
and UNKNOWN DEPUTY JAILERS of the
Sheriff Department of Tipton County,
Tennessee,

    DEFENDANTS.

___

ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS
___

The Plaintiff, Gilbert T. Pruitt, through his son and next friend Barry Garrett, brought the instant action against the Defendants C.D. "Buddy" Lewis, J.T. "Poncho" Chumley, Tipton County, Tennessee, the Tipton County Sheriff's Department, and unknown deputy jailers pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12101, claiming violations of the Eighth and Fourteenth Amendments of the United States Constitution, as well as state law violations. Before the Court is the June 20, 2007 motion to dismiss filed by Defendants Lewis, Chumley, Tipton County, and the Tipton County Sheriff's Department pursuant to Federal Rule of Civil Procedure 12(b)(6). The

Plaintiffs have responded and this motion is now appropriate for disposition. For the reasons set forth below, the motion to dismiss is GRANTED.

## BACKGROUND

The Plaintiffs have alleged the following in their complaint. On August 2, 2005, Pruitt pled guilty to a charge of driving under the influence ("DUI") and was sentenced to serve 180 days in the Tipton County jail. (Doc. No. 1, Compl. ¶¶ 15, 17.) Pruitt began serving his sentence on August 30, 2005. (Id. ¶ 19.) His physical and mental health began to worsen as a result of the jail staff not providing him his "regular medications." (Id. ¶ 20.) On October 21, 2005, Pruitt was transferred to the Tennessee Western Mental Health Institute ("WMHI") "for involuntary emergency diagnosis evaluation and treatment" pursuant to a state court order. (Id. ¶ 21.) The state judge ordered Pruitt's commitment to WMHI "based on certificates of two (2) health professionals who determined that [Pruitt] suffered from a mental illness or serious emotional disturbance, and that due to this mental illness, . . . Pruitt posed a substantial likelihood of serious harm to himself or to others." (Id. ¶ 22.)

According to the complaint, on December 21, 2005, Garrett, a resident of Memphis, Tennessee, received a telephone call from an unidentified deputy of the Tipton County Sheriff's Department advising him that Pruitt was to be released from the jail within minutes based upon an ex parte order issued that same day by the Circuit Court of Tipton County. (Id. ¶¶ 25-26.) Garrett requested that the Sheriff's Department keep Pruitt there until he could travel from Memphis to secure his father. (Id. ¶ 27.) Notwithstanding his request, the Defendants released Pruitt, who apparently walked off from the jail and has not been heard from since. (Id. ¶ 28.) Upon arriving at the jail later that same day, Garrett determined his father was gone and he and other relatives

searched the area for Pruitt. (Id. ¶ 29.) A missing persons report was filed the next day when efforts to locate Pruitt were unsuccessful. (Id. ¶¶ 29-30.)

The Defendants argue that this Court should dismiss all claims against 1) the Tipton County Sheriff's Department, because a Tennessee sheriff's department is not a sue-able entity for purposes of § 1983 actions; 2) Defendants Chumley and Lewis in their official capacities, because these claims are duplicative of the claims brought against Tipton County; 3) the unnamed deputy jailers. (Doc. No. 37, Defs.' Mem. In Supp. Mot. Dismiss, at 2-3.)

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

## ANALYSIS

A. PLAINTIFFS' CLAIMS AGAINST THE TIPTON COUNTY SHERIFF'S DEPARTMENT

It is well established that a "[county sheriff's] department is not a legal entity separate from its parent [county]." Damron v. Pfannes, 785 F. Supp. 644, 646 (E.D. Mich 1992) (citing Waller v.

Butkovich, 584 F. Supp. 909, 925 (M.D.N.C. 1984); Williams v. Baxter, 536 F. Supp. 13, 16 (E.D. Tenn. 1981); Hilliard v. N. J Army Nat'l Guard, 527 F. Supp. 405, 408 (D.N.J. 1981); Moomey v. City of Holland, 490 F. Supp. 188, 190 (W.D. Mich.1980)). The Plaintiffs have included in this litigation as a Defendant, Tipton County, Tennessee. Because it is redundant to name a sheriff's department along with the parent county, the Plaintiffs' suit against the Tipton County Sheriff's Office is DISMISSED.

B.     PLAINTIFFS' CLAIMS AGAINST DEFENDANTS CHUMLEY AND LEWIS IN THEIR OFFICIAL CAPACITY

Suits against public officers in their official capacity "are an alternative way of pleading an action against the entity for which the officers are employed." Dudley v. Eden, 49 F. Supp. 2d 581, 589 n.5 (N.D. Ohio 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Because the Plaintiffs' official capacity claims against Sheriff Chumley and former Sheriff Lewis are subsumed by their claims against Tipton County, the Court hereby DISMISSES those claims.

The Plaintiffs argue that the official capacity claims should not be dismissed because Defendants Chumley and Lewis are not entitled to qualified immunity. (Doc. No. 42, Pl.'s Resp., at 4.) However, qualified immunity only protects public officers against claims brought against them in their *individual* capacities. See United Food & Commercial Workers Local 1099 v. City of Sydney, 364 F.3d 738, 753 n.4 (6th Cir. 2004) ("Although Sheriff O'Leary has raised the defense of qualified immunity, this defense is not available to officers who have been sued in their official capacities.") (citation omitted). In this case, the Court grants the Defendants' motion to dismiss the claims brought against Defendants Chumley and Lewis in their *official* capacities, because they are duplicative of the Plaintiffs' claims against Tipton County. The claims that the Plaintiffs brought against Defendant Lewis in his individual capacity are not the subject of this motion.

4

C.       PLAINTIFFS' CLAIMS AGAINST THE UNNAMED DEPUTY JAILERS

Courts have generally recognized a plaintiff's ability to bring claims against unnamed defendants, "so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996) (citations omitted); see also Billman v. Ind. Dept. of Corrections, 56 F.3d 785, 789 (7th Cir. 1995) ("We do not think that the children's game of pin the tail on the donkey is a proper model for constitutional tort law. If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint, his suit should not be dismissed as frivolous.") (citations omitted). However, "eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction, without which the suit must be dismissed." Billman, 56 F.3d at 789.

The Complaint alleges that an unknown deputy sheriff denied Garrett's request that the jail keep his father until he could pick him up. (Doc. No. 1, Compl. ¶¶ 26-28.) It further alleges that an unknown deputy sheriff then released his father, who has not been seen since. (Id. ¶¶ 28-29, 31.) Because the Complaint provides enough information to permit the unknown deputy sheriff(s) to be identified through discovery, these claims cannot be dismissed merely because these Defendants are unnamed. See Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982) ("[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or though intervention of the court, the court could dismiss the action without prejudice . . . .") (internal footnote omitted). In its Response to the Defendants' motion to dismiss, the Plaintiffs assert that the Defendants have not fully disclosed the names of all the deputy jailers who would have interacted with Gilbert Pruitt at the time of his release from jail. However, the Plaintiffs have filed neither a motion to compel

5

the Defendants to turn over this information, nor a motion to extend the discovery period, which ended on October 5, 2007. Because the Plaintiffs have failed to use the discovery process to determine the identities of the unknown deputy jailers, their claims against these unnamed Defendants are hereby DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, the Defendants' second motion to dismiss is granted and the Plaintiffs' claims against the Tipton County Sheriff's Department, Defendants Chumley and Lewis in their official capacity, and the unnamed deputy jailers are DISMISSED.

**IT IS SO ORDERED** this 6th day of December, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE